☐ ORIGINAL

E-filing

FILED

APR 27 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

ADR

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONNA OCAMPO,

Plaintiff,

vs.

WILLIAMS & FUDGE, INC.,

Defendant.

Case No. **C11-02069**   WHA

**COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.     Plaintiff, Donna Ocampo ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, Williams & Fudge, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).     Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     On or about December, 2010, Defendant spoke to Plaintiff's ex-boyfriend regarding an alleged debt owed by Plaintiff.     Defendant discussed

Plaintiff's alleged debt with Plaintiff's ex-boyfriend, despite being in possession of Plaintiff's contact information at the time.

7.    On or about December, 2010, Defendant repeatedly contacted Plaintiff at work.  As a result, Plaintiff left a message with an employee of Defendant, "Mr. Crippen," wherein she requested Defendant stop calling her at work and to stop sharing her private information with her ex-boyfriend.

8.    On December 29, 2010, Plaintiff's counsel sent a letter of representation to Defendant.  Defendant was advised to stop contacting Plaintiff directly and to provide counsel with proof of the alleged debt in question.

9.    On or about December 31, 2010, "Mr. Crippen," an employee of Defendant, again called Plaintiff at work.  During that conversation, Plaintiff and "Mr. Crippen" discussed Plaintiff's previous voicemail where she asked Defendant to stop calling her at work and stop talking to her ex-boyfriend regarding her alleged debt.

10.    On or about December 31, 2010, "Mr. Crippen," an employee of Defendant, advised Plaintiff that he had not committed a crime by continuing to call her at work or talking to her ex-boyfriend.  He further asked Plaintiff for her legal representative's information.  When Plaintiff advised him that her attorney would contact Defendant, "Mr. Crippen," implied Plaintiff was lying about her

legal representation and stated that people who truly have legal representation have no problems disclosing the details.

11.  Upon Plaintiff's request, after her December 31, 2010, discussion with "Mr. Crippen," another employee of Defendant called Plaintiff.  That second employee who called Plaintiff represented himself as "Mr. Crippen's" manager. At that point, Plaintiff was advised that her calls were being recorded.  Plaintiff was also told that she was exaggerating her stories.

12.  Defendant failed to respond to the December 29, 2010, letter sent by Plaintiff's counsel.  As such, a second letter was sent to Defendant on January 12, 2010. Defendant has failed to respond to either letter to date and has not provided proof of the alleged debt.

13.  Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose, including, but not limited to, at least one voicemail left by Defendant in October, 2010 (§1692e(11)); and
>
> b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector, including, but not limited to, at least one voicemail left by Defendant in October, 2010 (§1692e(11)).

14.   As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16.   Plaintiff reincorporates by reference all of the preceding paragraphs.

17.     To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct
violated the RFDCPA;

B.     Actual damages;

C.     Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 23rd day of April, 2011

By: _____
       Todd M. Friedman (SBN 216752)
       Law Offices of Todd M. Friedman
       369 S. Doheny Dr. #415
       Beverly Hills, CA 90211
       Phone: 877-206-4741
       Fax: 866-633-0228
       tfriedman@attorneysforconsumers.com
       Attorney for Plaintiff, Donna Ocampo